IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-21-BU-DLC-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |
| DANIEL SCOTT FROST, | |
| Defendant. | |

A petition filed in this case alleges that Defendant violated conditions of his supervised release.  Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc. 110.)

On October 12, 2023, the Court conducted the final revocation hearing. Defendant admitted all violations, except Violation No. 5.  As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to twelve (12) months imprisonment, followed by no supervised release.

I.    **Background**

In 2011, Defendant pled guilty to the offenses of wire fraud (Count 1) in violation of 18 U.S.C. § 1343, and aggravated identity theft (Counts 22, 23, and 26) in violation of 18 U.S.C. § 1028A(a)(1).  (Doc. 22.)  On March 30, 2012, the

1

Court sentenced him to 89 months imprisonment, to be followed by 3 years supervised release.  (Doc. 35.)  Defendant began serving his term of supervised release on July 13, 2018.

A Petition for Warrant for Offender Under Supervision was filed with the Court on July 27, 2018.  (Doc. 39.)  On September 11, 2018, Defendant's supervised release was revoked for (1) failure to report to probation office post-release and (2) possession of a dangerous weapon and drug paraphernalia.  He was sentenced to 4 months imprisonment, followed by 36 months supervised release.  (Doc. 55.)  Defendant began his second period of supervised release on November 28, 2018.

On December 7, 2018, a Petition for Warrant for Offender Under Supervision was filed with the Court.  (Doc. 58.)  Defendant's supervised release was ultimately revoked on January 27, 2022 for (1) failure to report to probation officer as instructed, (2) failure to participate in substance abuse treatment, (3) commission of state crimes, and (4) unlawful possession of controlled substance. He was sentenced to 4 months custody on Count 22, and 4 months custody on Count 23, to run consecutively.  He was also sentenced to 28 months supervised release on Count 1, and 12 months supervised release on Count 26, to run concurrently, with no supervised release on Counts 22 and 23.  (Doc. 73.) Defendant began his third period of supervised release on September 2, 2022.

On September 2, 2022, a Petition for Warrant for Offender Under Supervision was filed with the Court.  (Doc. 76.)  Defendant's supervised release was ultimately revoked on April 10, 2023 for (1) failure to reside at residential reentry center, (2) commission of federal, state, or local crime, and (3) consumption of alcohol.  He was sentenced to 5 months custody on Count 26, 0 months on Count 1, to run concurrently.  He was also sentenced to 23 months of supervised release on Count 1, and 7 months supervised release on Count 26, to run concurrently.  (Doc. 89.)  On April 17, 2023, an amended judgment was filed reflecting a sentence of 49 days custody as to Count 26 and 0 months as to Count 1, to run concurrently, followed by 23 months supervised release on Count 1 and 7 months supervised release on Count 26, to run concurrently.  (Doc. 93.)  Defendant began his current period of supervised release on April 18, 2023.

On September 20, 2023, the United States Probation Office filed the petition now at issue.  (Doc. 103.)  The petition alleges that Defendant violated five conditions of supervised release, and provides a brief explanation of each violation.  *Id*.  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest.  (Doc. 104.)

Defendant was arrested on September 20, 2023.  (Doc. 115.)  On September 26, 2023, Defendant made an initial appearance.  (Doc. 105.)  Defendant, represented by counsel, stated that he had read the petition and waived a

preliminary hearing.  *Id.*  The Court set the final revocation hearing for October 12,

2023.  (Doc. 111.)  The Court remanded Defendant to the custody of the United

States Marshals Service pending the final revocation hearing.  (Doc. 105.)

## II.    **Final Revocation Hearing**

Defendant appeared at the revocation hearing represented by Craig Shannon.

Kelsey Sabol represented the United States.  The undersigned explained the

Findings and Recommendations procedure to Defendant, including his right to

object to the Findings and Recommendations, and the right to appear and allocute

before Judge Christensen prior to his imposition of sentence.  After consenting to

proceed, Defendant admitted all of the violations alleged in the petition, except

Violation No. 5.  Counsel for the United States moved to dismiss Violation No. 5.

The undersigned accepted the admissions and proceeded to sentencing.  The

undersigned calculated that Defendant's violation grade is C, his criminal history

category is VI, and the underlying offenses are a Class C felony (Count 1) and a

Class E felony (Count 26).  Under those circumstances, the Court stated the

statutory maximum sentence for Count 1 is 24 months incarceration and 12 months

incarceration for Count 26, and the United States Sentencing Guidelines provide

for 8–14 months incarceration.  The Court also stated Defendant could be

sentenced to as much as 32 months supervised release for Count 1, and 3 months

4

supervised release for Count 26, less any incarceration time imposed.[1]  Counsel for the United States and Defendant agreed with those calculations.

Defendant's counsel requested a sentence of 8 months custody, with no supervised release to follow.  It was also requested that the Court recommend Defendant's placement at FCI Terminal Island, where Defendant would be close to family.  Counsel for the United States requested a sentence of 12 months custody, with no supervised release.

## III.   **Analysis**

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked.  The Court should

---

[1] "[T]he maximum term of supervised release to be imposed following multiple revocations of supervised release must be reduced by the aggregate length of any and all terms of imprisonment that have been imposed upon revocation of supervised release." *U.S. v. Knight*, 580 F.3d 933, 940 (9th Cir. 2009).  The aggregate term of imprisonment consists of terms of imprisonment imposed for the same offense of conviction. *U.S. v. Hatler*, 776 F.3d 680, 684 (9th Cir. 2015).  The Court may have incorrectly stated the maximum term of supervised release available here during the October 12, 2023 hearing.  The Court reduced the months of supervised release remaining on Counts 1 and 26 based on the judgment filed on September 11, 2018, which provided 4 months custody without designating a specific count.  (Doc. 55.)  But the minute entry for the revocation hearing specifies 0 months for Counts 1 and 26.  (Doc. 54.)  The Court further reduced the months of supervised release available on Count 26, based on four months of custody imposed on revocation on April 10, 2023.  (Doc. 89.)  An amended judgment was later filed, however, reducing the term of custody on Count 26 to forty-nine days.  (Doc. 93.)

sentence Defendant to twelve (12) months imprisonment, with no supervised release to follow.

After considering the applicable factors in 18 U.S.C. § 3553(a), a sentence within the advisory revocation range is recommended. As to the nature and circumstances of the violations, the Defendant's actions demonstrate that he is engaging in the same type of criminal conduct involved in his underlying offenses; theft and fraudulent schemes to obtain money. While he has only been charged with misdemeanor offenses in connection with his current activities, given his extensive criminal history of engaging in similar misconduct, his violations are serious.

Regarding Defendant's history and characteristics, Defendant has an extensive criminal history. He is solidly within criminal history category VI. He has engaged in criminal conduct throughout his adult life, with little evidence that he intends to alter his course of life. He has also done very poorly under supervision, and his conduct has repeatedly triggered rapid revocations of his supervised release after he has been released from custody. He has also not taken advantage of the treatment and programming offered to him while on supervised release, and has simply absconded from supervision when those treatment opportunities have been provided.

He has also been given several opportunities by the Court after his prior violations, with relatively short periods of incarceration followed by additional opportunities on supervised release.  He has not taken advantage of any of those opportunities.  A sentence toward the upper end of the advisory guideline range is warranted both to provide deterrence to future criminal conduct, and to protect the public from further crimes of Defendant.

## IV.   **Conclusion**

Defendant was advised that the above sentence would be recommended to Judge Christensen, and reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance.  He was also reminded that, regardless of whether he objects to the recommended sentence, he has the right to appear and allocute before Judge Christensen prior to his imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.      Defendant violated the mandatory condition that he not commit another federal, state, or local crime, when he was charged with shoplifting, counterfeiting, and possession of methamphetamine.

2.      Defendant violated the mandatory condition that he not unlawfully possess a controlled substance, when he was found with methamphetamine on his person when arrested.

3.      Defendant violated the standard condition that he not knowingly leave the federal judicial district where he was authorized to reside without first getting permission from the court or a probation officer, when he traveled to Dickinson, North Dakota, without permission from the court or a probation officer.

4.      Defendant violated standard condition that he not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon, when two knives were found in his possession when he was arrested.

Accordingly, **IT IS RECOMMENDED** that:

1.      The Court should revoke Defendant's supervised release and sentence Defendant to twelve (12) months imprisonment, followed by no term of supervised release.

2.      The United States' motion to dismiss Violation No. 5 should be granted.

3.      The Court should recommend that Defendant be placed for incarceration at FCI Terminal Island.

/ / /

/ / /

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 13th day of October, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge